## PHILLIPS v. WINNE et al.

*(Supreme Court, General Term, Second Department.　July 22, 1892.)*

SUMMONS—SUBSTITUTED SERVICE—EVIDENCE.

　The sheriff's return to a summons showed that he had repeatedly called at defendant's residence, where he was told each time that she was not in, and that he was not able to serve her personally.　Plaintiff's attorney then went to defendant's residence and was unable to find her, the person present stating that defendant had been away, but had returned for a few hours, and gone away again to stay for some time; that she did not care to say where defendant was, or when she would return, and that defendant received all mail matter previously sent, and would receive such matter thereafter.　*Held,* that the facts established "that proper and diligent effort had been made to serve the summons upon defendant, and that the place of her sojourn could not be ascertained," under Code Civil Proc. § 435, providing for substituted service in such case.

Appeal from special term, Westchester county.

Action by Frederick A. Phillips, Jr., against Maria N. Winne and others. From an order denying a motion to vacate an order for substituted service of a summons, defendant Winne appeals.　Affirmed.

Argued before BARNARD, P. J., and DYKMAN, J.

*Mooney & Shipman,* (*Edmund Luis Mooney* and *Andrew J. Shipman,* of counsel,) for appellant.　*Frank H. Gray,* for respondent.

BARNARD, P. J.　This action was brought to foreclose a mortgage. The defendant Winne resides at 226 First street, Albany, N. Y.　An order for substituted service upon her of the summons was made, and an order was granted at special term denying a motion to set aside the order for substituted service.　The order was properly granted under section 435, Code Civil Proc.　The defendant Winne resided within the state.　The return of the sheriff shows that he repeatedly called at her residence, and was not able to find her; that he was told on each occasion that she was not in, and that he was not able to serve the summons personally upon her.　The plaintiff's attorney then went with the summons to her residence, and was unable to find the defendant; that the person who answered his call stated that the defendant had been to Schenectady; had returned and stayed a few hours, and had again gone away, to be gone for some time; that she did not care to say where she had gone, or when she would return; that the defendant had received all mail matter previously sent to her, and would receive such matter thereafter.　The facts fully established that a proper and diligent effort had been made to serve the summons upon defendant, and that the place of her sojourn could not be ascertained.　The order should therefore be affirmed, with costs and disbursements.